# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CILAG GMBH INTERNATIONAL, a Swiss corporation; and JANSSEN BIOTECH, INC., a Pennsylvania corporation,<br><br>*Plaintiffs,*<br><br>v.<br><br>HOSPIRA WORLDWIDE, LLC, a Delaware corporation f/k/a/ Hospira Worldwide, Inc.; HOSPIRA, INC., a Delaware corporation,<br><br>*Defendants.* | Civil Action No. 1:22-CV-00589-RGA |

## PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

OF COUNSEL:

William F. Cavanaugh
Alejandro H. Cruz
Nathaniel Lancaster
Patterson Belknap Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-7625
Facsimile: (212) 336-1269
Email: wfcavanaugh@pbwt.com
   acruz@pbwt.com
   lancastn@pbwt.com

Mark A. Neubauer
Steven B. Weisburd
Carlton Fields LLP
2029 Century Park East, Suite 1200
Los Angeles, CA 90076
Telephone: (310) 843-6300
Facsimile: (310) 843-6301
Email: *mneubauer@carltonfields.com*
   *sweisburd@carltonfields.com*

*Attorneys for Plaintiffs Cilag GmbH International
and Janssen Biotech, Inc.*

BALLARD SPAHR, LLP,

Beth Moskow-Schnoll (Del. No. 2900)
Brian S.S. Auerbach (Del. No. 6532)
919 North Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email:  *moskowb@ballardspahr.com*
   *auerbachb@ballardspahr.com*

Dated: May 16, 2023

14310437

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

FACTUAL SUMMARY .................................................................................................... 2

STANDARD OF REVIEW ................................................................................................ 4

ARGUMENT ...................................................................................................................... 4

I.   PLAINTIFFS ADEQUATELY PLEAD THAT JANSSEN IS A
     THIRD-PARTY BENEFICIARY ........................................................................... 4

     A.   The Magistrate Judge Erred in Holding that the DSA Cannot Give Rise to
          a Reasonable Inference that Hospira Intended to Benefit Janssen ..........................4

     B.   The Intended Benefit Was in Satisfaction of Cilag's Pre-Existing
          Obligation to Janssen ...............................................................................................9

     C.   Benefiting Janssen Was a Material Aspect of the DSA............................................9

II.  THE MAGISTRATE JUDGE'S PRIOR REPORT AND
     RECOMMENDATION DOES NOT LIMIT THIS COURT'S
     REVIEW OF THE AMENDED COMPLAINT ..................................................... 10

CONCLUSION ................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*760 N.B. Urban Renewal LLC v. Navigators Specialty Ins. Co.*,
  No. 20-5877 (FLW), 2021 U.S. Dist. LEXIS 16120 (D.N.J. Jan. 28, 2021)..............................5

*Cal. Sun Tanning USA, Inc. v. Elec. Beach, Inc.*,
  369 F. App'x 340 (3d Cir. 2010) ...............................................................................................10

*CHS/Community Health Sys. v. Steward Health Care Sys. LLC*,
  No. 2019-0165-JRS, 2020 Del. Ch. LEXIS 271 (Del. Ch. Aug. 21, 2020)..................4, 8, 9, 10

*Ecolab Inc., v. SC Johnson Pro. Grp. LTD.*,
  No. 21-720-RGA, 2022 U.S. Dist. LEXIS 78867 (D. Del. Apr. 18, 2022)...............................8

*In re FAH Liquidation Corp.*,
  581 B.R. 98 (Bankr. D. Del. 2017) ............................................................................................8

*Greater N.Y. Mut. Ins. Co. v. Travelers Ins. Co.*,
  No. 10-01107-LPS, 2011 U.S. Dist. LEXIS 110733 (D. Del. Sep. 28, 2011)...........................5

*IMS Health, Inc. v. Vality Tech., Inc.*,
  C.A No. 99-1500, 2000 U.S. Dist. LEXIS 8635 (E.D. Pa. June 22, 2000) ..........................7, 8

*Madison Realty Co. v. AG ISA, LLC*,
  C.A. No. 18094, 2001 Del. Ch. LEXIS 37 (Del. Ch. Apr. 17, 2001) ........................................8

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
  62 F. Supp. 3d 368 (D. Del. 2014)..............................................................................................4

*Micro Focus (US), Inc. v. Ins. Servs. Office, Inc.*,
  No. 15-252-RGA, 2022 U.S. Dist. LEXIS 85846 (D. Del. May 12, 2022)...............................8

*NAMA Hldgs., LLC v. World Mkt. Ctr. Venture, LLC*,
  948 A.2d 411 (Del. Ch. 2007), *aff'd*, 945 A.2d 594 (Del. 2008)...............................................7

*Pierce Assocs., Inc. v. Nemours Found.*,
  865 F.2d 530 (3d Cir. 1988).......................................................................................................5

*Snyder v. Pascack Valley Hosp.*,
  303 F.3d 271 (3d Cir. 2002).....................................................................................................10

*J.V. ex rel. Valdez v. Macy's, Inc.*,
  No. 13-5957 KSH CLW, 2014 U.S. Dist. LEXIS 138952
  (D.N.J. Sept. 30, 2014) ..............................................................................................................5

*W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*,
    712 F.3d 165 (3d Cir. 2013).................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 72(b)(3)....................................................................................................................4

14310437

Plaintiffs Cilag GmbH International ("Cilag") and Janssen Biotech, Inc. ("Janssen") (collectively, "Plaintiffs") respectfully object to the Magistrate Judge's Report and Recommendation, dated May 2, 2023, *see* D.I. 38 ("R&R"), specifically the portion of the R&R granting Defendants Hospira Worldwide LLC's and Hospira, Inc.'s (collectively, "Hospira" or "Defendants") motion to dismiss Count II of the Amended Complaint.

## INTRODUCTION

Plaintiffs seek to recover damages caused by Hospira's failure to deliver on its obligation to provide ReoPro, a drug used during heart surgery, following the FDA finding Hospira in gross violation of regulatory standards.  Janssen—and its predecessor Centocor, Inc. ("Centocor")—while not a party to the relevant contract, was an intended beneficiary of Hospira's obligations.  As described below, Plaintiffs have pled facts in the Amended Complaint giving rise to a plausible inference that both parties to the Development and Supply Agreement ("DSA") intended Janssen to be a third-party beneficiary.[1]  Hospira fails to show that no fact finder could reasonably find Janssen to be a third-party beneficiary.

Under the Magistrate Judge's analysis, a party could not—even at the motion to dismiss stage—adequately plead it was a third-party beneficiary absent an explicit provision in the contract.  This is contrary to Delaware's three-part test to determine third-party beneficiary status.  There would be no need for such a test if such status turned on whether there was an explicit provision identifying a third-party beneficiary.  Indeed, under the Magistrate Judge's construction, Hospira could sue Janssen for failing to abide by its obligation to purchase ReoPro exclusively from Hospira, but Janssen is precluded from suing Hospira for its failure to meet its

---

[1] Unless otherwise defined, all terms have the same meaning as in the Amended Complaint.  *See* D.I. 23.

obligation to supply ReoPro. The Magistrate Judge effectively denies Janssen any recourse for Hospira's admitted breach of the agreement to be Janssen's exclusive supplier.

The R&R, moreover, acknowledges that the DSA expressly identifies Janssen as an "Affiliate," and the Amended Complaint alleges why Janssen was unique among any other affiliate. The R&R fails to explain why the reference to Janssen, coupled with the allegations regarding its role in the underlying transaction, does not create a plausible basis for discovery on the third-party beneficiary issue.

Finally, the R&R's reliance on Janssen's decision to amend its Complaint rather than object to the initial R&R turns the law on its head. It makes little sense to require a party to object when a court grants the right to amend. The adequacy of Janssen's entire Amended Complaint is the issue now before the Court.

The Court should sustain Plaintiffs' objection and deny Defendants' motion to dismiss.

## FACTUAL SUMMARY

Centocor developed ReoPro in the early 1990s. D.I. 23 ¶ 18. It subsequently changed its name to Janssen Biotech, Inc. after being acquired by Johnson & Johnson. *Id.* Centocor first manufactured and sold ReoPro pursuant to a 1992 agreement under which it was responsible for manufacturing and supplying ReoPro to Eli Lilly; Eli Lilly was responsible for selling ReoPro worldwide. *Id*. ¶¶ 19-22. That arrangement was in effect at the time of the 2006 DSA and remained unchanged until 2016. *Id*. Before 2006, Cilag undertook the responsibility of assisting Centocor in meeting worldwide requirements for ReoPro. *Id*.

On May 1, 2006, Cilag and Hospira entered into the DSA, pursuant to which Hospira would be supplied the active ingredient by Centocor and produce the final product. *Id*. ¶ 23. When Hospira signed the DSA, Hospira was aware that (i) it was replacing another third-party supplier to assist Centocor in its contractual obligation, (ii) Centocor was the source of the active

2

biologic ingredient provided to Hospira, and (iii) Centocor was contractually obligated to provide ReoPro to Eli Lilly for sale throughout the world.  *Id.* ¶ 2.

The DSA specifically identified Centocor as a key Affiliate of Cilag, which would be bound by the DSA's terms.  *Id.* ¶ 30.  Specifically, Section 8.1(f) provides that "Global Biologics Supply Chain, LLC and Centocor, Inc. [sic] are Affiliates of" Cilag, and that Cilag has "the right to bind its Affiliates to the terms of" the DSA.  Moreover, Cenocor, and its successor Janssen, was a unique Affiliate in other respects:

- **Janssen, not Cilag**, supplied Hospira with the raw active biologic ingredients pursuant to Section 1.7 of the DSA (DSA § 1.7, Am. Compl. ¶¶ 39, 57), and those active ingredients had the **Janssen (*not Cilag*)** lot number, part number and quality signature. (DSA § 1.8, Am. Compl. ¶ 39);

- Hospira was subject to **Janssen's** manufacturing specifications (DSA § 1.8);

- At the time of the DSA, Cilag needed **Janssen** to receive ReoPro to satisfy a preexisting obligation to Eli Lilly (Am. Compl. ¶¶ 19, 40-48, 110-111).

- Hospira agreed to meet **Janssen's** total worldwide needs for ReoPro. (Am. Compl. ¶ 24, DSA § 5.1);

- **Janssen was obligated** under the DSA to purchase from Hospira—exclusively— its worldwide requirements for ReoPro.  (DSA § 5.1, Am. Compl. ¶ 24, 31).

- If **Janssen** failed to purchase its ReoPro exclusively from Hospira, Hospira had direct rights against Janssen (DSA §§ 5.1, 8.1(f) Am. Compl. ¶¶ 26, 50);

- Three-year forecasts for ReoPro demand required under Section 7.1 of the DSA were supplied directly to Hospira **by Janssen**.  (Am. Compl. ¶ 38); and,

- **Notices to** Cilag under the DSA were to go to **Janssen's** offices in Horsham, Pennsylvania (DSA § 12.2), and Hospira, in fact, sent its Notice of Termination to Janssen's address, **not Cilag's** (Am. Compl., Ex. 4).

In 2017, Hospira shut down production of ReoPro to remediate serious quality control issues identified by the FDA at its production facility, leaving Cilag and Janssen with no source for ReoPro.  *See* D.I. 23 ¶ 81.  As of 2018, with no supply of ReoPro to sell and no ability to cover, Plaintiffs were unable to meet patients' need for ReoPro.  *Id.* ¶¶ 7, 82-83.

3

14310437

**STANDARD OF REVIEW**

A District Court reviews *de novo* any part of a magistrate judge's disposition that has been subject to a proper objection. *See* Fed. R. Civ. P. 72(b)(3); *see also Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014). The district court judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b)(3).

**ARGUMENT**

**I.    PLAINTIFFS ADEQUATELY PLEAD THAT JANSSEN IS A THIRD-PARTY BENEFICIARY**

The Amended Complaint and the DSA provide ample grounds for a reasonable inference that Janssen qualifies as a third-party beneficiary under Delaware law. To establish third-party beneficiary status, a party must allege three things: (1) an intent between the contracting parties to benefit a third party through the contract, (2) the benefit being intended to satisfy a pre-existing obligation to the third party, and (3) benefiting the third party was a material aspect of the parties agreeing to contract. *See CHS/Community Health Sys. v. Steward Health Care Sys. LLC*, No. 2019-0165-JRS, 2020 Del. Ch. LEXIS 271, at *6 (Del. Ch. Aug. 21, 2020).[2]

**A.    The Magistrate Judge Erred in Holding that the DSA Cannot Give Rise to a Reasonable Inference that Hospira Intended to Benefit Janssen**

In granting Hospira's motion, the Magistrate Judge erred by relying heavily on the absence of an express contractual provision identifying Janssen as a third-party beneficiary, as well as the parties' "sophistication," to conclude that the parties had not intentionally conferred such a status on Janssen. *See* D.I. 38 at 7. But Delaware's third-party beneficiary test would be obviated if the lack of an express contractual reference were dispositive. Delaware law is clear

---

[2] The Magistrate Judge expressly does not address the second or third prong of the third-party beneficiary test; focusing only on the intent question. D.I. 38 at 8.

4

that where there is no express reference to a third-party beneficiary, courts glean the parties' intent—whether the parties are sophisticated or not—by examining the contract and surrounding circumstances. *See Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 535-36 (3d Cir. 1988). Here, Plaintiffs allege that the parties executed the DSA to confer the benefit of a steady and consistent supply of marketable ReoPro to Janssen. *See* D.I. 23 ¶¶ 28-40; *see also* D.I. 28 at 14. And the terms and structure of the DSA, including the express identification of Janssen's predecessor in Section 8.1(f), reflect Hospira's awareness that Janssen would be the beneficiary of the services Hospira provided. *See* D.I. 23 ¶¶ 28-40; *see also* DSA § 8.1(f). The Amended Complaint and the DSA's terms provide a sound basis for a reasonable inference that the parties intended to confer a benefit on Janssen, notwithstanding the absence of an explicit contractual term stating as much. *See Greater N.Y. Mut. Ins. Co. v. Travelers Ins. Co.*, No. 10-01107-LPS, 2011 U.S. Dist. LEXIS 110733, at *7-8 (D. Del. Sep. 28, 2011) (to establish third-party beneficiary status, a plaintiff may "plead facts which could reasonably lead to the inference that it was an intended beneficiary"); *see also 760 N.B. Urban Renewal LLC v. Navigators Specialty Ins. Co.*, No. 20-5877 (FLW), 2021 U.S. Dist. LEXIS 16120, at *15 (D.N.J. Jan. 28, 2021); *see also J.V. ex rel. Valdez v. Macy's, Inc.*, No. 13-5957 KSH CLW, 2014 U.S. Dist. LEXIS 138952, at *7-8 (D.N.J. Sept. 30, 2014). At the very least, the parties' level of sophistication and its import is a question of fact for discovery. As Hospira conceded at oral argument, "[t]he pharmaceutical business is a complicated business . . . . And the world is full of intertwined business relationships in complicated commerce such as this." *See* Apr. 27, 2023 Oral Arg. Tr., Ex. A, at 15:7-15. The complexity of those "intertwined relationships" is precisely why discovery is necessary.

The Magistrate Judge also acknowledged the contractual provisions that demonstrate the parties' intent to benefit Janssen, but nonetheless concluded that those provisions are subject only to alternative, additional interpretations that are inconsistent with Hospira's intent to benefit Janssen. *See* D.I. 38 at 6-8. In essence, the Magistrate Judge held that provisions like Sections 1.8, 5.1, and 12.2 of the DSA can be interpreted to suggest something other than the parties' intent to benefit Janssen, *see id*. at 6-7. But a dispute over the parties' intent is not appropriate for resolution at this stage without the benefit of discovery given the allegations made here.

As Hospira conceded at oral argument, (Ex. A at 16:8-13, *see* also D.I. 28 at 12-13), there is no dispute that Janssen is an express Affiliate under the DSA. *See* D.I. 31 at 4; D.I. 23 ¶ 30. Nor can Hospira dispute that Janssen performed duties and had obligations under the DSA, to which Hospira was also a party, including supplying the demand forecasts that Hospira itself relied on when performing under the contract, *see* DSA § 7.1, and providing Hospira with the active biologic ingredients to manufacture ReoPro, *see id*. § 1.7. Likewise, there is no dispute that Janssen (as Centocor's successor), is one of only two Affiliates expressly named in the DSA and was bound to both contractual rights and obligations. *See id*. § 8.1(f). The Magistrate Judge chose to ignore that evidence contrary to granting every inference in Plaintiffs' favor. Why Janssen is expressly named is a factor the R&R ignores because any effort to answer it demonstrates the need for discovery.

As to circumstances surrounding the DSA, Plaintiffs specifically allege that Centocor (now Janssen) (i) developed ReoPro, (ii) was historically obligated to supply ReoPro to Eli Lilly and (iii) after 2016, became responsible for marketing ReoPro worldwide, including in the United States. *See* D.I. 23 ¶¶ 10, 19, 40-48, 110-111. The Amended Complaint, and the terms of the DSA, show that Janssen, as the successor-in-interest to Centocor, was a key affiliate of

6

Cilag, and the DSA vested Janssen with rights and benefits that were clear to Hospira when it signed the DSA.  *See* D.I. 28 at 12-17.

In fact, without an intent to benefit Janssen, the DSA would be meaningless because Hospira provided ReoPro to Cilag so that Cilag could supply Janssen.  *See* D.I. 23 ¶¶ 38-40.  Indeed, not only was Janssen's predecessor, Centocor, specifically singled out in Section 8.1(f), as opposed to a general reference to any Affiliate, Janssen (as Centocor's successor) was afforded protections under the DSA.  *See, e.g.*, DSA § 4.1 (requiring Hospira to consult with affiliates regarding ReoPro); DSA §§ 8.3, 12.9 (Hospira expressly agreeing to indemnify and provide sufficient insurance for affiliates).  Without an intent to benefit Janssen, these terms would be superfluous, and contracts must be interpreted "under the assumption that the parties never include superfluous verbiage in their agreement."  *NAMA Hldgs., LLC v. World Mkt. Ctr. Venture*, LLC, 948 A.2d 411, 419 (Del. Ch. 2007), *aff'd*, 945 A.2d 594 (Del. 2008); *see IMS Health, Inc. v. Vality Tech., Inc*., C.A No. 99-1500, 2000 U.S. Dist. LEXIS 8635, at *12 (E.D. Pa. June 22, 2000).

The R&R's reasoning also leads to irreconcilable asymmetries of rights and obligations under the DSA.  For example, while the Magistrate Judge interpreted Section 8.1(f) not to grant Hospira and Centocor direct rights against each other, this ignores the plain language of the contract, pointing specifically to Centocor and providing that Cilag can "bind its Affiliates to the terms of" the DSA.  *See* D.I. 38 at 7; DSA § 8.1(f).  Under the R&R, to the extent Hospira had a remedy against Janssen if Janssen had sourced ReoPro from another supplier, Janssen would not have a reciprocal remedy against Hospira for failing to supply that same volume of ReoPro.  While, the R&R would create such inequities, Plaintiffs' interpretation of the DSA would not.

7

On a motion to dismiss, Plaintiffs need not show their interpretation of the contract is the *only* reasonable interpretation. To the contrary, so long as Plaintiffs' reading is reasonable, Hospira's motion must be denied. *See CHS/Cmty. Health Sys., Inc.,* 2020 Del. Ch. LEXIS 271, at *5–6 (Del. Ch. Ct. Aug. 21, 2020); *see also Ecolab Inc., v. SC Johnson Pro. Grp. LTD.*, No. 21-720-RGA, 2022 U.S. Dist. LEXIS 78867, at *10 (D. Del. Apr. 18, 2022) (denying motion to dismiss where the court was "faced with two reasonable interpretations"); *see also Emerald Cap. Advisors Corp., v. Karma Auto. LLC (In re FAH Liquidation Corp.,* 581 B.R. 98, 107 (Bankr. D. Del. 2017); *IMS Health, Inc.,* 2000 U.S. Dist. LEXIS 8635, at *13. Plaintiffs' allegations and the terms of the DSA reasonably imply an intent to benefit Janssen by both parties under the DSA. Even Defendants concede that they must accept the allegations in the Amended Complaint as true at this stage. *See* Ex. A at 17.

The cases underlying the R&R are distinguishable in critical ways. *See* D.I. 38 at 7-8. In both *Madison Realty* and *Micro Focus*, there was no allegation of an objective intent to benefit a third party under the agreement at-issue. For example, in *Madison Realty* there was no evidence of the third party's involvement in the contractual relationship or any mention of the putative third-party beneficiaries in the agreement itself. *See Madison Realty Co. v. AG ISA, LLC,* C.A. No. 18094, 2001 Del. Ch. LEXIS 37, *16-18 (Del. Ch. Apr. 17, 2001). Similarly, in *Micro Focus*, the alleged third-party beneficiary did not even exist at the time the relevant agreement was executed, and at best, the agreement only "hint[ed]" at the existence of other third parties. *See Micro Focus (US), Inc. v. Ins. Servs. Office, Inc.*, No. 15-252-RGA, 2022 U.S. Dist. LEXIS 85846, at *5 (D. Del. May 12, 2022). Both cases contrast the facts alleged here, where Centocor (and later, Janssen) was explicitly named in the DSA and played a critical role in the contractual relationship between Cilag and Hospira for years. *See* D.I. 23 ¶¶ 39, 49-54, 57.

8

The R&R, moreover, does not address the most important precedent denying a motion to dismiss where, as here, both parties proffered a reasonable interpretation of an agreement as to whether the parties' intended to benefit a third party.  In *CHS/Community Health*, there was no dispute that a third party was an affiliate under the relevant agreement, as was Janssen here.  2020 Del. Ch. LEXIS 271, at *5-8.  And under the terms of the agreement in *CHS/Community Health*, "affiliates" had obligations and were provided protections, just like Janssen was here.  *Id*.  Accordingly, the Court of Chancery denied a motion to dismiss the third-party's claims because "the parties have presented 'differing—but reasonable—interpretations of' the [the agreement]."  *Id*.  Here, while the R&R relied on the facts and DSA terms highlighted by Hospira, those same terms are amenable to more than one reasonable interpretation, including that they reflect an intent by both parties to the DSA to confer benefits on Janssen, as alleged by Plaintiffs.

**B.     The Intended Benefit Was in Satisfaction of Cilag's Pre-Existing Obligation to Janssen**

While the R&R did not address the second two prongs of Delaware's third-party beneficiary test, the R&R—and Defendants—correctly acknowledge that Plaintiffs allege a preexisting obligation between Cilag and Janssen to supply ReoPro to Eli Lilly when the DSA was executed, and that Hospira was aware of that preexisting obligation.  *See* D.I. at 38 at 2-3; *see also* Ex. A at 21-22.

**C.     Benefiting Janssen Was a Material Aspect of the DSA**

Plaintiffs also satisfy the final prong of the third-party beneficiary test because benefitting Janssen was a material part of the parties' purpose for entering into the DSA.  *See* D.I. 23 ¶¶ 49-54.  Hospira has never meaningfully disputed this point.  *See* D.I. 27 at 15.  The Amended Complaint alleges that the primary, material, and core benefit of the DSA was to provide Janssen (and, before that, Centocor), as an explicitly identified Affiliate of Cilag, with a steady and

9

consistent supply of finished ReoPro, exclusively from Hospira.  *See* D.I. 23 ¶¶ 49-54.  Benefitting Janssen was material to the DSA because without that benefit, the DSA would have been meaningless.  *See* D.I. 28 at 18-19.

## II. THE MAGISTRATE JUDGE'S PRIOR REPORT AND RECOMMENDATION DOES NOT LIMIT THIS COURT'S REVIEW OF THE AMENDED COMPLAINT

The Magistrate Judge's prior report and recommendation as to Plaintiffs' original complaint does not limit this Court's review of the Amended Complaint.  *See* D.I. 38 at 2.  On December 6, 2022, the Magistrate Judge issued a report and recommendation, which this Court adopted, denying Hospira's first motion to dismiss Plaintiffs' damages for lost profits and dismissing, among other things, Janssen's claims against Hospira.  *See* D.I. 21 at 14; D.I. 22.  The Magistrate Judge also granted Plaintiffs leave to amend.  *Id.*  Rather than object to those recommendations, Plaintiffs amended their complaint.  *See* D.I. 23.

The Amended Complaint supersedes Plaintiffs' original complaint and must be evaluated on its own terms.  *See W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank,* 712 F.3d 165, 171 (3d Cir. 2013); *see Cal. Sun Tanning USA, Inc. v. Elec. Beach, Inc.*, 369 F. App'x 340, 469 (3d Cir. 2010).  The Amended Complaint alleges Janssen's relevant rights and obligations under the DSA, and also alleges facts detailing Janssen's role in the transactions leading up to and underlying the DSA.  *See* D.I. 23 ¶¶ 28-54.  Since Plaintiffs amended its pleading, the adequacy of all the facts and circumstances alleged in the Amended Complaint are properly before the Court.  *See Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002).

## CONCLUSION

For the reasons above, the Court should sustain Plaintiffs' objection to the R&R and deny Defendants' partial motion to dismiss Count II of the Amended Complaint.

Dated: May 16, 2023,	BALLARD SPAHR, LLP

/s/ Beth Moskow-Schnoll
Beth Moskow-Schnoll (Del. No. 2900)
Brian S.S. Auerbach (Del. No. 6532)
919 North Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: *moskowb@ballardspahr.com*
       *auerbachb@ballardspahr.com*


OF COUNSEL:

PATTERSON BELKNAP WEBB AND TYLER LLP
William F. Cavanaugh, Jr.
Alejandro H. Cruz
Nathaniel Lancaster
1133 Avenue of the Americas
New York, NY, 10036
Telephone: (212) 336-7625
Facsimile: (212) 336-1269
Email: *wfcavanaugh@pbwt.com*
       *acruz@pbwt.com*
       *nlancaster@pbwt.com*

CARLTON FIELDS, LLP
Mark A. Neubauer
Steven B. Weisburd
2029 Century Park East, Suite 1200
Los Angeles, CA 90067-2913
Telephone:  (310) 843-6300
Facsimile:  (310) 843-6301
Email: *mneubauer@carltonfields.com*
        *sweisburd@carltonfields.com*

*Attorneys for Plaintiffs Cilag GmH International and Janssen Biotech, Inc.*

## CERTIFICATION PURSUANT TO STANDING ORDER FOR OBJECTIONS FILED UNDER FED. R. CIV. P. 72

Pursuant to the District of Delaware Standing Order for Objections Filed under Fed. R. Civ. P. 72, Plaintiffs Cilag GmbH International ("Cilag") and Janssen Biotech, Inc. ("Janssen") (collectively, "Plaintiffs") hereby certify that their May 16, 2023 Objections to Magistrate Judge Fallon's May 02, 2023 Report and Recommendation [D.I. 38] do not raise new legal or factual arguments. Further, Plaintiffs certify that a courtesy copy of all filings associated with this matter to which the R&R, ruling or order relates shall be provided to this Court no later than five (5) days after the objections are filed.

Dated: May 16, 2023

BALLARD SPAHR, LLP

*/s/ Beth Moskow-Schnoll*
Beth Moskow-Schnoll (Del. No. 2900)
Brian S.S. Auerbach (Del. No. 6532)
919 North Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: moskowb@ballardspahr.com
auerbachb@ballardspahr.com

OF COUNSEL:

PATTERSON BELKNAP WEBB AND TYLER LLP
William F. Cavanaugh, Jr.
Alejandro H. Cruz
Nathaniel Lancaster
1133 Avenue of the Americas
New York, NY, 10036
Telephone: (212) 336-7625
Facsimile: (212) 336-1269
Email: wfcavanaugh@pbwt.com
acruz@pbwt.com
nlancaster@pbwt.com

12

14310437

CARLTON FIELDS, LLP
Mark A. Neubauer
Steven B. Weisburd
2029 Century Park East, Suite 1200
Los Angeles, CA 90067-2913
Telephone:  (310) 843-6300
Facsimile:  (310) 843-6301
Email:  mneubauer@carltonfields.com
           sweisburd@carltonfields.com

*Attorneys for Plaintiffs Cilag GmbH International and Janssen Biotech, Inc.*

14310437