IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| Cilag GmbH International, and Janssen Biotech, Inc.<br>    Plaintiffs,<br><br>        v.<br><br>Hospira Worldwide, LLC, and Hospira, Inc.,<br>    Defendants. | Civil Action No. 22-589-RGA-SRF |

## MEMORANDUM OPINION

Beth Moskow-Schnoll, Brian S.S. Auerbach, Brittany M. Giusini, BALLARD SPAHR LLP, Wilmington, DE; Alejandro H. Cruz, Nathaniel Lancaster, William F. Cavanaugh, PATTERSON BELKAMP WEBB & TYLER LLP, New York, NY; Mark A. Neubauer, Steven B. Weisburd, CARLTON FIELDS, LLP, Los Angeles, CA,

   Attorneys for Plaintiffs.

Arthur G. Connolly, III, Alan Richard Silverstein, CONNOLLY GALLAGHER LLP, Wilmington, DE; David G. Hille, Katrina Fetsch, Kimberly A. Havlin, WHITE & CASE, LLP, New York, NY,

   Attorneys for Defendants.

July 31, 2023

1

**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before me is the Report & Recommendation of a United States Magistrate Judge. (D.I. 38). It addresses Defendants' motion to dismiss Count II of the amended complaint in a breach of contract dispute. (D.I. 26). The Report recommends that I grant the motion. (D.I. 38). Plaintiffs filed objections to the Report. (D.I. 41). Defendants responded to Plaintiffs' objections. (D.I. 42).

I will adopt the factual findings and legal conclusions in the Report. I do not separately recite any of the facts except as I see necessary to explain my decision.

## I. LEGAL STANDARDS

### A. Standard of Review

Magistrate Judges have the authority to make recommendations as to the appropriate resolution of a motion to dismiss pursuant to 28 U.S.C. § 636(b)(1)(B). The court conducts a *de novo* review when determining whether to adopt a Magistrate Judge's report and recommendation on a dispositive motion. Fed. R. Civ. P. 72(b)(3). Upon review, the court may accept, reject, or modify the magistrate judge's recommendations. *Id.* The court may also receive further evidence or return the matter to the magistrate judge with instructions. *Id.*

### B. Rule 12(b)(1)

"'A motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.'" *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (internal citations omitted). Standing challenges under Rule 12(b)(1) may be either facial or factual attacks. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). Facial attacks challenge the sufficiency of the pleadings, whereas

2

factual attacks challenge the jurisdictional facts of a plaintiff's claims. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

To the extent that standing is in dispute,[1] I agree with the Magistrate Judge's finding that Defendants "present a facial challenge to Janssen Biotech's standing and do not challenge the validity of the factual claims made in the amended complaint." (D.I. 38 at 4; D.I. 27 at 8-9). Courts must apply the same standard used to review a Rule 12(b)(6) motion when reviewing a facial challenge to standing. *See In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017) (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 299 n.1 (3d Cir. 2006)).

### C. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief..." If a claim fails to meet this standard, Rule 12(b)(6) allows an accused party to bring a motion to dismiss. Fed. R. Civ. P. 12(b)(6). A court can grant a Rule 12(b)(6) motion if, accepting the well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The factual allegations of the complaint do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* at 555. There

---

[1] Distinguishing between lack of standing and failure to state a claim has often been an issue. In the recent past, it has become clear that a failure to allege a sufficient factual basis for a claim is a claim issue, not a standing issue. "Constitutional standing comes from an injury; a cause of action gives the injured party the right to sue for redress." *United States v. Hallinan*, ___ F.4th ___, 2023 WL 4612021, *1 (3d Cir. July 19, 2023). Janssen claims an injury, but it does not have a cause of action.

must be sufficient factual matter pled to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is met when the factual allegations "[allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court can "draw on its own judicial experience and common sense" in this context-specific task. *Id.* at 679.

## II. DISCUSSION

Plaintiffs are Cilag and Janssen. Defendant is Hospira. Count II is a breach of contract claim brought by Janssen against Hospira. It is based on a 2006 contract—the Development and Supply Agreement, or DSA—between Cilag and Hospira. Janssen claims its predecessor—Centocor—was a third party beneficiary of the contract. The Report held that Centocor (and therefore, Janssen) was not a third-party beneficiary of the contract. Hence, the Magistrate Judge recommended dismissal of Count II.

### A. Plaintiffs' Objections

Plaintiffs object to the Magistrate Judge's findings that Cilag and Hospira were sophisticated parties who could have made Janssen an express party to the DSA, and that the absence of an express contractual provision demonstrates that Janssen was not intended to be a third-party beneficiary. (D.I. 41 at 4).

Plaintiffs contend that two key provisions of the DSA, Sections 1.8 and 12.2, highlight Janssen's beneficiary status. (*See* D.I. 38 at 5; D.I. 23, Ex. A at §§ 1.8, 12.2). Plaintiffs additionally argue that other sections of the DSA, as well as its surrounding context, make Janssen a "unique Affiliate" deserving of this status. (*See* D.I. 41 at 3). I find that the Section 1.8 and 12.2 provisions, as well as the other cited sections and the surrounding context of the DSA, do not confer this status on Janssen.

Section 1.8 of the DSA references Exhibit 1.8, the "Drug Substance Specifications." (D.I. 23-1 at 27). Plaintiffs argue that because the drug substance specifications require the inclusion of Centocor's lot number, part number, and quality assurance signature for the active biologic ingredient of ReoPro, an implied beneficiary relationship existed between Centocor and Hospira — Hospira could not have met its obligations without product—the active pharmaceutical ingredient—from Centocor. (*See* D.I. 41-1 at 26:13-28:2).

Section 12.2 of the DSA directs notices under the agreement to be sent to an address in Horsham, PA. (D.I. 23-1 at 22). The name listed for this address is "GBSC." The Notice of Termination was sent to Janssen at this same address. (D.I. 23-2 at 6). Plaintiffs argue that this demonstrates Janssen's integral status as a third-party beneficiary to the agreement.

Plaintiffs raise several other arguments for why Janssen is a "unique Affiliate" to this agreement. (D.I. 41 at 3). Section 5.1 of the DSA explains that Hospira will manufacture and sell ReoPro exclusively to Cilag, who in turn will deliver it to Affiliates worldwide. (D.I. 23-1 at 6). Section 8.1(f) of the DSA states that Cilag has the right to bind Affiliates, including Janssen, to the terms of the agreement, and that Cilag is responsible for the acts and omissions of its Affiliates. (*Id.* at 16). Section 7.1 of the DSA requires Cilag to provide three-year forecasts of ReoPro product needs. (*Id.* at 13). Section 8.3 of the DSA indemnifies Cilag and Affiliates from any cause of action attributed to Hospira's actions. (*Id.* at 17). Plaintiffs argue that surrounding context reveals years of Janssen's provision of products to Hospira for manufacture. (D.I. 41 at 6).

## B. Third-Party Beneficiaries

Viewing the DSA and the amended complaint in the light most favorable to Janssen, Janssen has not stated a third-party beneficiary claim. A party is conferred third-party

5

beneficiary status in a contract when "(a) the contracting parties [] intended that the third party beneficiary benefit from the contract, (b) the benefit [was] intended as a gift or in satisfaction of a pre-existing obligation to that person, and (c) the intent to benefit the third party [was] a material part of the parties' purpose in entering into the contract." *In re Stone & Webster, Inc.*, 558 F.3d 234, 241 (3d Cir. 2009) (quoting *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediaries, S.A.S.*, 269 F.3d 187, 196 (3d Cir. 2001)). "In order for a third party beneficiary to recover for a breach of contract, it must clearly appear that the parties intended to recognize [the third party] as the primary party in interest and as privy to the promise." *Micro Focus (US), Inc. v. Ins. Servs. Off., Inc.*, 2022 WL 1503918, at *2 (D. Del. May 12, 2022) (quoting *Gray Constr., Inc., v. Medline Indus., Inc.*, 2020 WL 5816502, at *12 (D. Md. Sept. 30, 2020) (cleaned up)).

I agree with the Magistrate Judge that Sections 1.8 and 12.2 of the DSA do not confer third-party beneficiary status on Janssen. The parties do not dispute that Janssen is not a signatory to the DSA. Despite this, Plaintiffs argue that a Rule 12(b)(6) motion should be denied because a reasonable person could interpret the DSA to confer third-party beneficiary status on Janssen. (D.I. 41 at 4; D.I. 38 at 5); *see CHS/Cmty. Health Sys., Inc. v. Steward Health Care Sys. LLC*, 2020 WL 4917597, at *3 (Del. Ch. Aug. 21, 2020). I find that none of the DSA language leads me to draw any reasonable interpretation that Janssen was an intended third-party beneficiary at the formation of this contract.

I agree with the Magistrate Judge that § 1.8 merely describes an obligation between Cilag and Hospira to satisfy criteria regarding the biologic material; it does not describe an intention to benefit to Janssen. I also agree that, while the address listed as "GBSC" in § 12.2 of the DSA is the same as Janssen's address from the termination notice, this address was not listed as

6

Janssen's in the original contract. (D.I. 38 at 7). These new provisions cannot be interpreted to recognize Janssen as the intended beneficiary of the contract — they merely describe a business relationship between Hospira, Cilag, and Janssen.

Plaintiffs' arguments regarding Janssen's "unique" Affiliate status do not show an intent to benefit solely Janssen even though it was not a party to the agreement. I agree with the Magistrate Judge that § 8.1(f), which states that Cilag is responsible for the acts and omissions of its Affiliates, "does not give Hospira and [Janssen] direct rights against each other." (D.I. 23, Ex. A at § 8.1(f); D.I. 38 at 7). The language of § 8.1(f) emphasizes the indirect relationship between Janssen and Hospira, showing no intended benefit conferred on Janssen. Plaintiffs' argument that Janssen's status, as "one of only two" expressly named Affiliates in the DSA, does not lead to the inference that Janssen was anything more than a business partner in this operation. (D.I. 41 at 6).

Section 7.1's forecast reporting requirement describes an obligation with a benefit conferred on Hospira, not Janssen. Section 5.1's requirement that Cilag purchase and deliver ReoPro for itself and its Affiliates does not clearly confer a benefit on Janssen. *See Micro Focus (US)*, 2022 WL 1503918, at *2. The only explicit mention of an Affiliate in Section 5.1 is GBSC, not Janssen. (D.I. 23, Ex. A at § 5.1) Alternatively, given the mention of "Affiliates," the benefit of worldwide ReoPro distribution could have been conferred on another Affiliate. (*Id.*). Section 8.3's indemnification clause is hardly a "benefit" to Janssen — if anything, the added insurance conferred on Cilag and all Affiliates induced Cilag, not Janssen, to sign the agreement. These provisions of the DSA, as well as surrounding context, establish a business relationship between Cilag, Janssen, and Hospira. Plaintiffs have not stated a claim that, at the time of the agreement, Janssen was uniquely positioned as an intended beneficiary to this contract.

Regardless, I agree with the Magistrate Judge that Cilag and Hospira are both "sophisticated parties" who "could have expressly identified" Centocor as a third-party beneficiary at the time of signing the DSA had that been their intent. (D.I. 38 at 8). Cilag and Hospira are both sophisticated international pharmaceutical companies. They could have easily included Janssen as a party to their agreement. Instead, they did not. This suggests that the contracting parties did not intend to confer third-party beneficiary status at the time of signing the agreement. I find that Plaintiffs have failed to state a claim that Janssen was an intended third-party beneficiary. Because the first prong of the third-party beneficiary test is not met, I need not consider the other two prongs.

Janssen's third-party beneficiary claims were previously dismissed for lack of standing. (D.I. 21 at 9-11; D.I. 22). Further attempts at amendment would be futile. Since I think the dismissal is better characterized as a dismissal for failure to state a claim, I will dismiss Count II with prejudice.

### III. CONCLUSION

For the reasons discussed above, I will adopt the Magistrate Judge's Report. I will grant Defendants' partial motion to dismiss and dismiss Count II of the amended complaint with prejudice. An accompanying order will be entered.